RECEIVED
SEP 2 3 2020
Orion Township
Supervisor's Office

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INDIANWOOD PROPERTIES, LLC,
a Michigan limited liability company,
THE ROBERT M. ELLIOTT TRUST, a
Michigan trust, DEARBORN LAND
INVESTMENT, LCC, an Ohio limited
liability company, and ZAREMBA GROUP,
LLC, a Michigan limited liability company,

    Plaintiffs,

Case No. 20-cv-10093
Hon. Robert H. Cleland

v

CHARTER TOWNSHIP OF ORION,
a Michigan municipal body,

    Defendant.

---

## **CONSENT JUDGMENT**

## Parties, Jurisdiction and Venue

1. Plaintiff Indianwood Properties, LLC ("Indianwood") is a Michigan limited liability company with a registered office located at 25 Indianwood Road in Lake Orion, Michigan.

2. Plaintiff The Robert M. Elliott Trust ("Elliott Trust") is a Michigan trust with its situs in Michigan.

3. Plaintiff Dearborn Land Investment, LLC ("DLI") is an Ohio limited liability company with a registered office located at 14600 Detroit Ave, Suite 1500 in Lakewood, Ohio.

4. Plaintiff Zaremba Group, LLC ("Zaremba") is Delaware limited liability company with a registered offices located at 30600 Telegraph Road in Bingham Farms, Michigan.

5. Defendant Charter Township of Orion ("Township") is a Michigan municipal body located in Oakland County, Michigan.

6. This Court has original subject matter jurisdiction over the federal questions asserted in this matter pursuant to 28 U.S.C. §1331.

7. The actions or occurrences alleged in this Complaint occurred in Oakland County, Michigan.

8. The Township is subject to personal jurisdiction in this Court.

9. Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §1391(b) and (c).

### The Properties and Current Zoning

10. Indianwood is the fee simple owner of real property commonly known as 545 N. Lapeer Road in the Township, Parcel I.D. No. 09-02-177-014 ("Parcel A").

11. Currently located on Parcel A is a business called Indianwood Automotive, which sells auto parts and performs small engine repairs and automotive machine shop work.

12. Parcel A is zoned General Business (GB), which zoning allows for the use proposed by Plaintiffs, which is a Firestone Complete Auto Care Center ("Firestone Facility").

13. The Elliott Trust is the fee simple owner of real property commonly known as 25 Indianwood Road in the Township, Parcel I.D. No. 09-02-177-013 ("Parcel B" and referred to herein together with Parcel A as the "Properties").

14. Currently located on Parcel B is a single-family rental home.

15. Parcel B is zoned Restricted Business (RB), which zoning does not allow for the proposed use as a Firestone Facility, but which zoning does allow as permitted uses a variety of business uses, including "automobile parts, accessories."

16. The Properties are approximately .94 acres combined and are located at the corner of Indianwood Road and N. Axford Street, with M-24 (N. Lapeer

3

Road) immediately adjacent to N. Axford Street. Indianwood Road is a main east-west County Road and M-24 is a high-volume north-south state road.

17. The legal description of the Properties is attached as Exhibit A to this Consent Judgment.

## Nature of the Action

18. On October 21, 2019, the Township Board of Trustees denied Zaremba's August 7, 2019 Application for Conditional Rezoning, which requested that the Township rezone the Properties from Restricted Business (RB) and General Business (GB) to General Business (GB) with conditions for the purpose of constructing a Firestone Facility on the Properties ("Conditional Rezoning Request").

19. The Complaint alleges that the Township's denial of the Conditional Rezoning Request violated Plaintiffs' rights to substantive due process (Count I of the Complaint) and equal protection (Count II of the Complaint) under the United States Constitution and further violated 42 U.S.C. §§ 1983 and 1988 (Count III of the Complaint).

20. The Complaint alleges that the Conditional Rezoning Request showed that the conditional rezoning and the proposed development are compatible with surrounding uses, which includes (a) property zoned General Business (GB) that contains a roofing company; (b) properties zoned Restricted Business (RB) and Light Industrial (LI) that contain a dry cleaner, a restaurant, light manufacturing facilities and

4

professional offices; and (c) property zoned Special Circumstances (SC) that contains a commercial shopping center.

21. The Complaint alleges that the Conditional Rezoning Request showed that public services and facilities are available and adequate for the proposed development and, in fact, that the demand on public services would be reduced because the proposed development would replace two structures with a single structure on the Properties.

22. The Complaint alleges that the Conditional Rezoning Request and a Traffic Impact Assessment dated September 3, 2019 submitted by Zaremba to the Township showed that the proposed development would have a minimal impact on traffic on the adjacent roadways.

23. The Complaint alleges that the Township's Denial of Zaremba's Conditional Rezoning Request constitutes an arbitrary, capricious and unconstitutional refusal to permit a legitimate and reasonable use of the Properties.

24. The Township has denied and disputed certain material factual allegations in the Complaint and has expressly disputed liability in its Answer to the Complaint.

25. The parties to this litigation have engaged in settlement discussions in an attempt to agree upon additional conditions on the development of the Properties

5

that would allow development of the Properties in the best interest of the Township residents and Plaintiffs.

26. The parties' negotiations have resulted in an agreement whereby the proposed conditional rezoning and development of the Properties would be subject to additional conditions, beyond those proposed in the Conditional Rezoning Request, and would provide both Plaintiffs and the Township with certainty regarding site improvements, infrastructure improvements and other benefits which may otherwise not be achieved.

The Court is otherwise fully advised of the premises.

NOW, THEREFORE, it is hereby Ordered and Adjudged as follows:

27. Plaintiffs shall be permitted to develop the Properties consistent with the Township's General Business (GB) zoning district with conditions as set forth in this Consent Judgment for the purpose of constructing a Firestone Facility on the Properties (the "Project"), without payment of damages, fees, loss profits, expenses or any other benefit other than stated herein.

28. The Project shall be developed as an automotive service center with an approximately 6,116 square foot building with eight (8) service bays, a dumpster and used tire enclosure, thirty-one (31) parking spaces and associated drive aisles, site entrances to both Indianwood Road and N. Axford Street and required landscaping. The Project shall not permit any off-site site parking, standing, or

stacking on any public roads or streets, including but not limited to Axford Street, with parking of all customer, employee, and delivery vehicles being allowed solely on the Project's approved site. The zoning use district regulations for the Properties shall be based upon the Township's General Business (GB) zoning district. Except as modified in this Consent Judgment, the Properties shall be subject to all other zoning and use district regulations of the Township Zoning Ordinance, Article XIV, for property zoned General Business (GB), and shall remain subject to all other requirements of the Township's building, zoning, and other land use regulations.

29. Use of the Properties shall be limited to (i) automobile parts and accessories, (ii) automobile repair, garages, service centers and other automotive retail operations (no gasoline sales); (iii) recreational vehicle service; and (iv) similar uses as determined by the Planning Commission. All other uses permitted in General Business (GB) and Restricted Business (RB) districts shall be excluded from the Properties.

30. The Project shall be developed consistent with the Concept Plan attached as Exhibit B to this Consent Judgment as supplemented by the terms of this Consent Judgment ("Concept Plan").

31. Plaintiff shall retain the landscape buffer on the south side of the Properties and shall add additional landscaping to protect vacant residential lots to the south of the Properties, as shown on the Concept Plan. Plaintiffs also shall

construct a six foot (6') masonry wall on the south side of the parking lot, including around the trash dumpster and tire disposal bin, as shown on Concept Plan.

32. The Project shall be developed and constructed in accordance with Lapeer Road Overlay District architectural design standards.

33. The entrance drive on Indianwood shall be restricted to right-in, right-out ("RIRO") only access, as shown on the Concept Plan attached as Exhibit B to this Consent Judgment.

34. The business hours / hours of operation of the Firestone Facility on the Properties shall be limited to 7:00 a.m. to 7:00 p.m. Monday through Friday and 7:00 a.m. to 6:00 p.m. Saturday. If pneumatic tools are being utilized during the first and last hour of operation of the Firestone Facility, then the bay doors must be closed.

35. The Firestone Facility on the Properties shall be closed on Sunday.

36. Delivery trucks shall not be allowed to park on the Properties with engines idling.

37. Trash pick-up on the Properties shall occur between 9:00 a.m. and 5:00 p.m. on weekdays only.

38. There shall be no parking of damaged, inoperable or unlicensed vehicles on the Properties.

39. There shall be no amplified speakers on the outside of the building located on the Properties and no amplified music in the service bay areas.

40. The Properties and Project shall be developed according to a site plan consistent with the terms of this Consent Judgment, including being materially consistent with the Concept Plan, subject to meeting ordinary engineering requirements and all other requirements of this Consent Judgment (the "Site Plan") and the Township ordinances and regulations.

41. Plaintiffs shall prepare and submit a Site Plan to the Township consistent with site plan standards applicable to developments in the General Business (GB) zoning district contained in the Township Zoning Ordinance, which the Township will review in the ordinary course subject to the terms of this Consent Judgment.

42. After the customary reviews by the engineering, planning and fire departments and by Township administration, the Township Planning Commission shall review the Site Plan and related materials. The Planning Commission shall review the Site Plan for purposes of ensuring compliance with the Consent Judgment and the Township Ordinance and requirements applicable to the current General Business (GB) zoning district.

43. The scope of the Site Plan review shall include all approvals by the Township Planner, Township Engineer, Township Fire Officials and Township administration.

44. The Site Plan review shall be conducted for the purpose of ensuring that the Site Plan conforms with all of the terms and provisions of this Consent Judgment and all applicable laws, ordinances and regulations, and ensuring that the Site Plan meets engineering and construction standards generally applied to developments in the General Business (GB) zoning district under the ordinances of the Township, with the understanding that, as noted, above, where the express terms of this Consent Judgment deviate from present and future Township Ordinances, the terms of this Consent Judgment shall govern.

45. The Township ordinances governing the development approvals for the Project shall be those in effect at the time of the entry of this Consent Judgment. The Project shall comply with all ordinances and regulations of the Township provided they are not inconsistent with the terms of this Consent Judgment.

46. The Township's review of the Site Plan by its administrative staff and the Planning Commission shall ensure that the Site Plan satisfies all applicable laws, ordinances and regulations, and shall ensure that the Site Plan meets the engineering and construction standards generally applied to developments in the General Business (GB) zoning district under the ordinances of the Township, but neither the administrative staff nor the Planning Commission shall impose additional conditions on approval of the Site Plan beyond the conditions set forth in this Consent Judgment and the requirement that the Site Plan satisfies all applicable laws, ordinances and

regulations and meets the engineering and construction standards generally applied to developments in the General Business (GB) zoning district under the ordinances of the Township.

47. This Consent Judgment supersedes and replaces any and all prior inconsistent agreements between Plaintiffs and the Township relative to the Properties, and any and all prior inconsistent Court orders or judgments of any nature relative to permitted development or uses of the Properties.

48. Regardless of future Master Plan and/or zoning changes which may occur or affect the Properties, the uses permitted hereunder shall not be deemed to be legal nonconforming uses, but rather permitted uses, subject to and in accordance with this Consent Judgment.

49. This Court shall maintain jurisdiction over the implementation and enforcement of this Consent Judgment.

50. Any subsequent amendment to this Consent Judgment must be in writing, and approved as to form and substance by authorized representatives of parties hereto, or their respective heirs, representatives, successors, successors-in-interest, transferees, transferees-in-interest and assigns, and entered by the Court.

51. The parties to this action represent to this Court that they have read this Consent Judgment, have discussed it with counsel, understand the terms and conditions hereof, and further, hereby agree that this Consent Judgment, or an

affidavit executed by the parties providing notice of this Consent Judgment, shall be recorded with the Oakland County Register of Deeds.

52. Each person signing this Consent Judgment on behalf of any party hereby represents and warrants that he/she is a duly authorized representative and agent of that respective party, and he/she has full authority to bind said party to all of the covenants, warranties, representations, terms and conditions of this Consent Judgment.

53. This Consent Judgment resolves the entire dispute between the parties with regard to all issues and claims set forth in this matter, and all issues and claims that could have been asserted by Plaintiffs as of the date of this Consent Judgment relative to the Properties, and all issues and claims that the Township could have raised as of the date of this Consent Judgment concerning the issues and claims set forth in this matter relative to the Properties, and all such issues and claims are merged as part of this Consent Judgment, including any claim for monetary damages, attorney fees, delay or any other damage claim.

54. The terms and conditions of this Consent Judgment shall be appurtenant to the Properties. These terms and provisions shall run with the Properties as if they were covenants running with the land. The terms and conditions of this Consent Judgment shall inure to the benefit of and be binding on the parties and their respective heirs, successors, successors-in-interest, transferees, transferees-in-

Firestone Draft Consent Judgment - 1417862
ZARGP-ZONINGOT - Firestone Consent Judgment FINAL.docx

interest and assigns, and reference herein to Plaintiff and/or the Township shall include their respective heirs, successors, successors-in-interest, transferees, transferees-in-interest and assigns.

55.  In the event that Plaintiffs do not submit a Site Plan for the Properties to the Township within one (1) year of the date of entry of this Consent Judgment, the terms of this Consent Judgment will expire, this Consent Judgment will have no further force or effect and the uses allowed on the Properties will be those uses set forth in the Township Zoning Ordinance for properties zoned Restricted Business (RB) (Parcel B) and General Business (GB) (Parcel A).

56.  Subject to the continuing jurisdiction of the Court to ensure compliance with this Judgment, this Judgment resolves the last pending claim and closes the case.

**IT IS SO ORDERED**

Dated:  September 30, 2020

s/Robert H. Cleland
Hon. Robert H. Cleland
United States District Judge

CHARTER TOWNSHIP OF ORION, a
Michigan municipal body

By: _____
Chris Barnett
Township Supervisor

Dated: _Sept. 23, 2020_

By: _____
Penny Shults
Township Clerk

Dated: _September 23, 2020_

STATE OF MICHIGAN )
                  ) SS
COUNTY OF Oakland )

On this __23__ day of _September_ 2020, before me, a Notary Public in and for said County personally appeared Chris Barnett, to me known to be the person described in and who executed the above Consent Judgment, and acknowledged the same to be his free act and deed.

JILLIAN LONDON
NOTARY PUBLIC, STATE OF MI
COUNTY OF GENESEE
MY COMMISSION EXPIRES Jan 30, 2024
ACTING IN COUNTY OF Oakland

_____
NOTARY PUBLIC
Genesee County, Michigan
My Commission Expires: Jan 30, 2024

STATE OF MICHIGAN )
                  ) SS
COUNTY OF Oakland )

On this __23__ day of _September_ 2020, before me, a Notary Public in and for said County personally appeared Penny Shults to me known to be the persons described in and who executed the above Consent Judgment, and acknowledged the same to be her free act and deed.

JILLIAN LONDON
NOTARY PUBLIC, STATE OF MI
COUNTY OF GENESEE
MY COMMISSION EXPIRES Jan 30, 2024
ACTING IN COUNTY OF Oakland

_____
NOTARY PUBLIC
Genesee County, Michigan
My Commission Expires: Jan 30, 2024

Firestone Draft Consent Judgment - 1417862
ZARGP-ZONINGOT - Firestone Consent Judgment FINAL.docx

INDIANWOOD PROPERTIES, L.L.C., a
Michigan limited liability company

By: _Robert W Elliott_
Its: _Managing Partner_
Dated: _9/22/2020_

STATE OF ~~MICHIGAN~~ _Florida_ )
                               ) SS
COUNTY OF _Pinellas_ )

On this _22_ day of _September_ 2020, before me, a Notary Public in and for said County personally appeared to me known to be the person described in and who executed the above Consent Judgment, and acknowledged the same to be his free act and deed.

_Joseph E Garcia_
NOTARY PUBLIC
_Pinellas_ County, ~~Michigan~~ _Florida_
My Commission Expires: _05/26/24_

JOSEPH ENRIQUE GARCIA
MY COMMISSION #HH 3994
EXPIRES: MAY 26, 2024
Bonded through 1st State Insurance

THE ROBERT M. ELLIOTT TRUST, a Michigan Trust

By: _Robert M Elliott_
Its: Trustee
Dated: 9/22/2020

STATE OF ~~MICHIGAN~~ Florida )
                              ) SS
COUNTY OF Pinellas )

On this 22 day of September 2020, before me, a Notary Public in and for said County personally appeared to me known to be the person described in and who executed the above Consent Judgment, and acknowledged the same to be his free act and deed.

_Joseph E Garcia_
NOTARY PUBLIC
Pinellas County, ~~Michigan~~ Florida
My Commission Expires: 05/26/24

JOSEPH ENRIQUE GARCIA
MY COMMISSION #HH 3994
EXPIRES: MAY 26, 2024
Bonded through 1st State Insurance

16

DEARBORN LAND INVESTMENT, LLC,
an Ohio limited liability company

By: _____
Its: __VP_____
Dated: __9-22-2020_____

STATE OF ~~MICHIGAN~~ OHIO )
                       ) SS
COUNTY OF CUYAHOGA )

On this 22nd day of September 2020, before me, a Notary Public in and for said County personally appeared to me known to be the person described in and who executed the above Consent Judgment, and acknowledged the same to be his free act and deed.



_____
NOTARY PUBLIC
CUYAHOGA County, ~~Michigan~~ OHIO
My Commission Expires: 10-31-2023

DORIS E. ARDO
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
10-31-2023
Recorded in
Medina County

Firestone Draft Consent Judgment - 1417862
ZARGP-ZONINGOT - Firestone Consent Judgment FINAL.docx

ZAREMBA GROUP, LLC, a Michigan
limited liability company

By: _____
Its: _____President_____
Dated: __9-22-2020__

STATE OF ~~MICHIGAN~~ OHIO )
                          ) SS
COUNTY OF CUYAHOGA )

On this 22nd day of September 2020, before me, a Notary Public in and for said County personally appeared to me known to be the person described in and who executed the above Consent Judgment, and acknowledged the same to be his free act and deed.

_____
NOTARY PUBLIC
CUYAHOGA County, ~~Michigan~~ OHIO
My Commission Expires: 10-31-2023

DORIS E. ARDO
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
10-31-2023
Recorded in
Medina County

18

# EXHIBIT A

## Legal Description of Properties

LOTS 20. 21 AND 22. INCLUSIVE, OF SUPERVISOR'S PLAT NO. 10, ACCORDING TO THE PLAT THEREOF AS RECORDED IN LIBER 56 OF PLATS. PAGE 13. OAKLAND COUNTY RECORDS, LOCATED IN THE NORTHWEST 1/4 OF SECTION 2, TOWN 4 NORTH. RANGE 10 EAST, ORION TOWNSHIP. OAKLAND COUNTY. MICHIGAN, AND BEING MORE PARTICULARLY DESCRIBED AS:

BEGINNING AT THE NORTHEAST CORNER OF LOT 22, SUPERVISOR'S PLAT NO. 10, ACCORDING TO THE PLAT THEREOF AS RECORDED IN LIBER 56 OF PLATS, PAGE 13, OAKLAND COUNTY RECORDS, SAID POINT BEING N03°17'39"W 199.13 FEET (PLATTED AS SOUTH 199.01 FEET) FROM THE CENTER POST OF SECTION 2, TOWN 4 NORTH, RANGE 10 EAST, ORION TOWNSHIP, OAKLAND COUNTY, MICHIGAN; THENCE S03°17'39"E 151.83 FEET (PLATTED AS SOUTH 150.0 FEET) ALONG THE WEST RIGHT OF WAY LINE OF HIGHWAY M-24 (LAPEER ROAD) (VARIABLE WIDTH) AND THE WEST LINE OF PLATTED AXFORD STREET (VARIABLE WIDTH) AND THE EAST LINE OF SAID LOT 22; THENCE N86°29'24"W 131.34 FEET (PLATTED AS 131.47 FEET) ALONG THE SOUTH LINE OF SAID LOT 22; THENCE S03°27'26"E 54.32 FEET (PLATTED AS 55.64 FEET) ALONG THE EAST LINE OF SAID LOT 21; THENCE S86°03'56"W (PLATTED AS S89°27'W) 100.00 FEET ALONG THE SOUTH LINE OF SAID LOTS 20 AND 21; THENCE N03°27'36"W 218.26 FEET (PLATTED AS 218.36 FEET) ALONG THE WEST LINE OF SAID LOT 20; THENCE S86°44'00"E 232.41 FEET (PLATTED AS S83°16'E 232.17 FEET) ALONG THE SOUTH LINE OF INDIANWOOD ROAD (66 FEET WIDE), SAID LINE ALSO BEING THE NORTH LINE OF SAID LOTS 20, 21 AND 22 TO THE PLACE OF BEGINNING, BEING A PART OF 'THE NORTHWEST 1/4 OF SAID SECTION 2.

# EXHIBIT B

## Concept Plan



Firestone Draft Consent Judgment - 1417862
ZARGP-ZONINGOT - Firestone Consent Judgment FINAL.docx